**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

**Shellany Ray,**

    Plaintiff,

**v.**

**Recovery Healthcare Corporation and
Alcohol Monitoring Systems, Inc.**

    Defendants

Case No. _____

## <u>ORIGINAL COMPLAINT</u>

NOW COMES Shellany Ray, the Plaintiff herein, alleging and stating as follows:

### <u>Parties</u>

1. Plaintiff Shellany Ray is a resident of the City of Garland in Dallas County, Texas. She may be contacted through counsel.

2. Defendant Recovery Healthcare Corporation (hereinafter "Recovery Healthcare") is a Texas corporation headquartered at 9090 N. Stemmons Freeway, Suite A, Dallas, Texas 75247.

3. Defendant Alcohol Monitoring Systems, Inc. (hereinafter "Alcohol Monitoring") is a privately-held company headquartered at 1241 West Mineral Avenue Suite 200 Littleton, CO 80120

### <u>Jurisdiction and Venue</u>

4. This Court has jurisdiction under 28 U.S.C. § 1331 because the Plaintiff brings

federal civil rights claims pursuant to 42 U.S.C. §1983.

5.  Venue is proper in this district and division under  28 U.S.C. § 1391(b)(2)
because "a substantial part of the events or omissions giving rise to the claim occurred"
in Dallas County, Texas.

### Facts

6.  Defendant Recovery Healthcare contracts with Dallas County to monitor
probationers who have been convicted of alcohol offenses. As part of that monitoring
service, probationers must pay to wear a SCRAM ankle monitor.  The SCRAM devices
are manufactured by Defendant Alcohol Monitoring and they take samples every 30
minutes to determine if the wearer has consumed any alcohol.  If alcohol is detected, that
information is reported by the Defendant to probation officials.

7.  As the result of a conviction for driving while intoxicated in Collin County in
2016, the Plaintiff was sentenced to community supervision and prohibited from
consuming any alcohol. The state court also ordered her to wear an ankle monitor,  so she
wore one of the Defendants' monitors and paid it a monthly monitoring fee.

8.  On December 25, 2017, the Plaintiff's husband sprayed Static Guard on the
couple's bed sheets shortly before they used the bed. Soon thereafter, the Defendant sent
a report to Dallas County probation officials indicating that the Plaintiff had consumed a
large quantity of alcohol on that evening.

9.  Based on the Defendant's report, Dallas County prosecutors filed a motion to
revoke the Plaintiff's probation and incarcerate her.  The Plaintiff retained a criminal
defense lawyer and tried to explain to prosecutors and to the Defendant that her husband

had used Static Guard on December 25, 2017, but that she had not consumed any alcohol. Her husband corroborated her story, but the Defendant insisted that Static Guard could not be the source of the alcohol reading. The Defendant instead assured prosecutors and the state court that there was only one explanation for the high alcohol reading, *i.e.*, the Plaintiff had consumed a large quantity of alcohol. Based on the assurances of the Defendant, prosecutors forged ahead with the motion to revoke the Plaintiff's probation.

10. Fortunately for the Plaintiff, an expert witness offered to prove that the December 25, 2017 readings from the Defendant's SCRAM device could not possibly be the result of alcohol consumption. Forensic Criminalist Jan Semenoff of Industrial Training & Design, Ltd. agreed to waive her normal expert fee in exchange for the right to publish her findings about the Plaintiff's case. Plaintiff has attached Ms. Semenoff's report as Exhibit 1, which is incorporated herein by reference in its entirety. As set forth therein, the increase and the decrease in detected alcohol levels happened far too rapidly to be explained by human consumption. The SCRAM device monitors blood alcohol ("BAC") levels every 30 minutes, and it would be nigh impossible to consume enough alcohol for one's BAC to go from zero to 0.26 in 30 minutes. Furthermore, it would be physiologically impossible for the body to process alcohol as quickly as the device suggested. Instead, the detected alcohol levels are consistent with environmental exposure, just as the Plaintiff and her husband had said all along.

11. Defendant Alcohol Recovery did not properly train its vendors, including Defendant Recovery Healthcare, in the proper use of the SCRAM device. In particular, Defendant Alcohol Recovery failed to train its vendors in the obvious differences

between readings that indicate alcohol assumption versus those that indicate environmental detection of alcohol. Defendant Recovery Healthcare, in turn, did not train its personnel in the proper use of the SCRAM device. As a result, Defendant Recovery Healthcare's employees provided false information to probation officials about whether the Plaintiff had consumed alcohol. As of December 25, 2017, the Plaintiff had gone to great lengths to overcome her alcohol addition, and the Defendant made it appear that she had relapsed. The Plaintiff incurred additional attorney fees and significant humiliation as a result of the baseless motion to revoke her probation.

## Claims

12.   All previous paragraphs are incorporated by reference as if fully set forth herein.

13.   The Plaintiff brings claims against the Defendants, jointly and severally under 42 U.S.C. 1983 for violation of her Fourteenth Amendment right to due process, and claims damages against Defendants of not less than $1,000,000.00 for violation of her Fourteenth Amendment rights..

14.   In the alternative, Plaintiff brings claims against the Defendants, jointly and severally, for her damages pursuant to the stigma-plus-infringement doctrine recognized in the State of Texas.  The Defendants were state actors insofar as they contracted with the State of Texas to perform government functions.  Plaintiff claims damages against Defendants of not less than $1,000,000.00 under the stigma-plus-infringement doctrine..

15.    In the further alternative, Plaintiff brings common-law claims of negligence, gross negligence, and strict liability against the Defendants, jointly and

severally for damages caused by Defendants' failure to adequately administer and interpret the testing and results of alcohol outside the Plaintiff's body and the metabolism rate of alcohol by the Plaintiff's body creating a false-positive reading on the SCRAM device worn by Plaintiff.   Plaintiff claims damages against Defendants of not less than $1,000,000.00 resulting from Defendants' acts of negligence and gross negligence toward Plaintiff and strict liability therefor.

## Demand for Jury Trial

Plaintiff demands a trial for jury on all of her claims that may be heard at trial of this cause.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Shellany Ray prays that, upon trial of her claims, that she be awarded the following relief:

A.     Judgment against Defendants Recovery Healthcare Corporation and Alcohol Monitoring Systems, Inc. for the violation of her Fourteenth Amendment rights, and for such other and further claims that she may have and prove against Defendants at trial of this cause;

B.     An award of awarded damages against Defendants, jointly and severally, in an amount of not less than $1,000,000.00;

C.     An award of her attorneys' fees and costs of court as allowed by law;

D.     Such other and further relief to which she may be entitled.

Respectfully submitted,

JOHN LESLIE | PLLC

By:    /s/ John E. Leslie
          John E. Leslie
Texas Bar No. 12231400
1805 W. Park Row Drive, Suite C
Arlington, Texas 76013
(817) 505-1291
(818) 505-1292 (fax)
arlingtonlaw@aol.com

and

/s/ Ty Clevenger
Ty Clevenger
Texas Bar No. 24034380
P.O. Box 20753
Brooklyn, New York 11202-0753
(979) 985-5289
(979) 530-9523 (fax)
tyclevenger@yahoo.com

**Attorneys for Plaintiff Shellany Ray**