IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLANY RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:19-cv-03055-G |
| RECOVERY HEALTHCARE, | § | |
| CORPORATION; ALCOHOL | § | |
| MONITORING SYSTEMS, INC.; | § | |
| GLENN TUBB; and THE RIVERSIDE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS ALCOHOL MONITORING SYSTEMS, INC.; GLENN TUBB; AND THE RIVERSIDE COMPANY'S JOINT MOTION TO STRIKE AND DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Alcohol Monitoring Systems, Inc. (AMS); Glenn Tubb; and The Riverside Company (Riverside) file this Joint Motion to Strike and Dismiss Plaintiff's Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12(f)(2) and 12(b)(6) prior to filing an answer to Plaintiff's Third Amended Complaint and would respectfully show the Court as follows:

1.      This case has a long procedural history. For the sake of brevity in this motion, Defendants highlight only the most recent events. A more complete procedural background is set forth in Defendants' brief filed in support of the motion. In that regard, Plaintiff timely filed her Second Amended Complaint, which for the first time added Tubb and Riverside as defendants and raised Racketeer Influenced and Corrupt Organizations Act (RICO) claims against Recovery Healthcare Corporation (Recovery), Tubb, and Riverside, but not AMS. [Doc. 35]. Recovery and

AMS filed motions to dismiss. [Docs. 39, 41]. On March 16, 2021, Defendants Tubb and Riverside filed a joint motion to dismiss Plaintiff's RICO claims against them. [Doc. 54]. Thereafter, on March 22, 2021, the Court issued a Memorandum Opinion and Order granting in part the motions to dismiss filed by Recovery and AMS. [Doc. 57]. In particular, the Court dismissed Plaintiff's civil rights claims brought pursuant to 42 U.S.C. § 1983. *Id.* The Court also dismissed Plaintiff's RICO claims asserted against Recovery but granted Plaintiff leave to amend her complaint "to bring it into compliance, if possible, with Rule 9(b)." In a footnote, the Court stated "the court's grant of leave to amend is limited to Ray's RICO and state law claims." *Id.* The Court's order did not address the motion filed by Defendants Tubb and Riverside to dismiss Plaintiff's RICO claims against them. Thereafter, Plaintiff filed her Third Amended Complaint on April 5, 2021. [Doc. 60]. Defendants now file this motion in response to Plaintiff's Third Amended Complaint.

## Motion to Strike

2.      Plaintiff's Third Amended Complaint continues to assert civil rights claims pursuant to 42 U.S.C. § 1983 despite this Court's order dated March 22, 2021 dismissing such claims. Thus, AMS moves the Court to strike such pleadings from the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f).

3.      Plaintiff asserts for the first time in her Third Amended Complaint a RICO claim against AMS and common law fraud claims against Tubb, and Riverside. Defendants request the Court strike these newly added theories of recovery because Defendants did not agree to the amendments and Plaintiff did not seek leave to include such claims.

## Motion to Dismiss

4.      This Court dismissed Plaintiff's civil rights claims asserted in her Second Amended

Complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the relief sought by Plaintiff's remaining claims would call into question the modification of her probation to attend a 12-step recovery program, *Heck* should also apply to all remaining claims asserted by Plaintiff. Thus, Plaintiff's RICO and state tort claims should be dismissed as unripe.

5.      Alternatively, Plaintiff attempts to support her RICO claims by asserting predicate acts of mail fraud and wire fraud. Plaintiff lacks standing to bring these claims against Defendants because her complaint fails to plead facts establishing a direct causal connection between the alleged wrongdoing and the alleged harm.

6.      In addition, Plaintiff fails to plead facts with the specificity required by Federal Rules of Civil Procedure 12(b)(6) and 9(b) to support her RICO claims. Specifically, Plaintiff has not alleged adequate facts showing a pattern of racketeering activity. Nor has she sufficiently plead the existence of an enterprise. Plaintiff's complaint further fails to plead sufficient facts to establish the particulars of any of the four types of prohibited activities enumerated in 18 U.S.C. § 1962. Accordingly, Plaintiff's RICO claims asserted against AMS, Tubb, and Riverside should be dismissed for failure to state a claim upon which relief can be granted.

7.      Defendants move the Court to dismiss Plaintiff's DTPA and common law fraud claims under Rule 12(b)(6) because they do not comply with the heightened pleading requirements for fraud claims required by Rule 9(b).

8.      Plaintiff also raises state tort claims of negligence and gross negligence. These claims should be dismissed because, as alleged, they sound as a marketing defect products liability claim, and the complaint fails to set forth facts alleging the SCRAM device required a warning or the content of any such warning. Nor does the complaint assert that a marketing defect was the

producing cause of any harm.  Further, the complaint fails to allege AMS acted with the statutorily required awareness and disregard of risk in order to establish a gross negligence claim.

9.      Plaintiff further fails to allege facts consistent with the essential elements of a claim for intentional infliction of emotion distress.  Thus, Defendants request the Court dismiss such claim.

10.      In all instances, Plaintiff has failed to allege facts demonstrating any plausible causal link between any conduct of the Defendants and her alleged harm.

11.      Plaintiff's complaint can also be construed as a shotgun pleading and dismissed on that basis pursuant to Rule 12(b)(6).

12.      Plaintiff not only fails to plead sufficient facts to state a claim for relief that is plausible on its face, but falls short in several respects of even pleading conclusory statements constituting threadbare recitals of the elements of the theories asserted.  Stated another way, Plaintiff's Third Amended Complaint does not contain direct allegations on every material point necessary to sustain a recovery or allegations from which an inference may fairly be drawn that evidence on each material point will be introduced at trial.  Accordingly, the Court should dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  *See Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

**WHEREFORE, PREMISES CONSIDERED,** Defendants Alcohol Monitoring Systems, Inc.; Glenn Tubb; and The Riverside Company respectfully request that the Court grant their Joint Motion to Strike and  Dismiss Plaintiff's Third Amended Complaint by striking from Plaintiff's Third Amended Complaint all civil rights claims which have already been dismissed by the Court, striking Plaintiff's RICO claim asserted against AMS, striking Plaintiff's common law fraud claims asserted against Tubb and Riverside, and dismissing Plaintiff's remaining theories of recovery

asserted against Defendants. Defendants further pray for any and all other relief, legal or equitable, to which they are justly entitled.

Respectfully submitted,

Dated: May 25, 2021

/s/ Michael K. Dean
Michael K. Dean
**RAY | PEÑA | MCCHRISTIAN, P.C.**
101 Summit Avenue, Suite 705
Fort Worth, TX 76102
(817) 335-7201
(817) 335-7335 - facsimile
E-mail: mdean@raylaw.com

*Attorney for Defendants AMS, Glenn Tubb, and The Riverside Company*

## CERTIFICATE OF SERVICE

On May 25, 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case file system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Michael K. Dean
Michael K. Dean