IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLANY RAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 3:19-cv-03055-G |
| RECOVERY HEALTHCARE, | § | |
| CORPORATION; ALCOHOL | § | |
| MONITORING SYSTEMS, INC.; | § | |
| GLENN TUBB; and THE RIVERSIDE | § | |
| COMPANY, | § | |
| | § | |
| Defendants. | § | |

**BRIEF IN SUPPORT OF DEFENDANTS ALCOHOL MONITORING SYSTEMS, INC.;
GLENN TUBB; AND THE RIVERSIDE COMPANY'S JOINT MOTION TO STRIKE
AND MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

Michael K. Dean
Texas Bar No. 00787342
RAY | PEÑA | MCCHRISTIAN, P.C.
101 Summit Avenue, Suite 705
Fort Worth, TX 76102
(817) 335-7201
(817) 335-7335 - facsimile
E-mail: mdean@raylaw.com

*Attorney for Defendants AMS, Glenn Tubb,
and The Riverside Company*

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

I.    SUMMARY OF MOTIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Motion to Strike . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      B.    Motion to Dismiss. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      A.    Procedural Background. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      B.    Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.  ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      A.    The Court Should Strike Plaintiff's Civil Rights Claims from Her
            Third Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      B.    The Court Should Strike Plaintiff's RICO Claim Against AMS and
            Common Law Fraud Claims Against Tubb and Riverside. . . . . . . . . . . . . . . . 6

      C.    Plaintiff's RICO Claims and State Tort Claims Are Not Cognizable. . . . . . . . . 6

      D.    Plaintiff Lacks Standing to Recover Against Defendants under RICO . . . . . . . . 7

      E.    Plaintiff's RICO Claims Against AMS, Tubb, and Recovery Should
            Be Dismissed for Failure to State a Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

            1.    Applicable Standard for 12(b)(6) Motions to Dismiss . . . . . . . . . . . . . . 9

            2.    Threshold Elements of Civil RICO Actions . . . . . . . . . . . . . . . . . . . . . 11

            3.    Plaintiff's RICO Claims Fail to Adequately Allege a Pattern of
                  Racketeering Activity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                  a.    Plaintiff's allegations are inadequate as to AMS . . . . . . . . . . . . 12

            b.        Plaintiff's allegations are inadequate as to Tubb and
                      Riverside . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        4.    Plaintiff's Complaint Fails to Adequately Allege a RICO
              Enterprise . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        5.    Assuming Plaintiff Has Adequately Plead a Pattern of Racketeering
              Activity and an Enterprise, Her Allegations Still Fail to State a RICO
              Claim under Any of the Four Subsections of 18 U.S.C. § 1962 . . . . . . . 16

            a.        Plaintiff fails to state a RICO claim under 18 U.S.C.
                      § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

            b.        Plaintiff fails to state a RICO claim under 18 U.S.C.
                      § 1962(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

            c.        Plaintiff fails to state a RICO claim under 18 U.S.C.
                      § 1962(c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

            d.        Plaintiff fails to state a RICO claim under 18 U.S.C.
                      § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    F.    Plaintiff Has Failed to State DTPA and Common Law Fraud
          Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

    G.    Plaintiff Has Failed to State Claims for Common Law Negligence
          and Gross Negligence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    H.    Plaintiff Has Failed to State a Claim for Intentional Infliction of
          Emotional Distress . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

    I.    Plaintiff's Complaint Can Also Be Dismissed under Rule 12(b)(6)
          As an Improper Shotgun Pleading . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

IV.    PRAYER FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>:

*ABC Arbitrage Plaintiffs Grp. v. Tchurak*, 291 F.3d 336 (5th Cir. 2002) . . . . . . . . . . . . . . . . . . 10

*Abraham v. Singh*, 480 F.3d 351 (5th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Allstate Ins. Co. v. Benhamou*, 190 F. Supp. 3d 631 (S.D. Tex. 2016) . . . . . . . . . . . . . . . . . . . 7

*Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862 (5th Cir. 1962) . . . . . . . . . . . . . . . . . . . . . . . 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995 (S.D. Tex. 1995) . . . . . . . . . . . . . 11

*Brown v. Protective Life Ins. Co.*, 353 F.3d 405 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Crowe v. Henry*, 43 F.3d 198 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 15, 16, 17

*Cypress/Spanish Fort I, L.P. v. Professional Service Industries, Inc.*,
    814 F. Supp. 2d 698 (N.D. Tex. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir. 1988) . . . . . . . . . . . . . . . . 11

*Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787 (5th Cir. 2011) . . . . . . . . . . . . . . . . 9

*Heck v. Humphrey*, 512 U.S. 477 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6, 7

*Hemi Grp., LLC v. City of New York,* 559 U.S. 1 (2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Hinojosa v. Livingston*, 807 F.3d 657 (5th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258 (1992). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*In re Burzynski*, 989 F.2d 733 (5th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re MasterCard Int'l Inc.*, 132 F. Supp. 2d 468, 484 (E.D. La. 2001) . . . . . . . . . . . . . . . . . . 15

*Kroger Texas Ltd. Partnership v. Suberu*, 216 S.W.3d 788 (Tex. 2006). . . . . . . . . . . . . . . . . . 22

*Magluta v. Samples*, 256 F.3d 1282 (11th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832 (Tex. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779 (5th Cir. 2020). . . . . . . . . . 10

*Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (11th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . 23

*Roe v. Johnson County Texas*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357,
   at *1 (N.D. Tex. July 29, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Shemwell v. Cannon*, 352 F. Supp. 3d 690 (N.D. Tex. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . 22

*St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425 (5th Cir. 2000). . . . . . . . . . . . . . . . 11, 17

*Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183 (Tex. 1977) . . . . . . . . . . . . . . . . . . . . . . . . 20

*Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293
   (11th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23-24

*Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134 (5th Cir. 1992). . . . . . . . . . . . . . 13

*U.S. v. Turkette*, 452 U.S. 576 (1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*USX Corp. v. Salinas*, 818 S.W.2d 473 (Tex. App.–San Antonio 1991, writ denied) . . . . . . . . 21

*Vanderbilt Mortg. and Finance, Inc. v. Flores*, 735 F. Supp. 2d 679 (S.D. Tex. 2010). . . . . . . 18

*Whelan v. Winchester Production Co.*, 319 F.3d 225 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . 18

*Williams v. WMX Techs., Inc.* 112 F.3d 175 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Wood v. Incorporated Village of Patchogue of New York*, 311 F. Supp. 2d 344
    (E.D.N.Y. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Zucker v. Farish*, No. 3:18-CV-01790-K, 2018 WL 6570867, at *3
    (N.D. Tex. Dec. 12, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 14

## Statutes:

18 U.S.C. § 1961(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

18 U.S.C. § 1961(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

18 U.S.C. § 1962(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

18 U.S.C. § 1962(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 17

18 U.S.C. § 1962(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18

18 U.S.C. § 1962(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 19

TEX. CIV. PRAC. & REM. CODE ANN. § 41.0001(11) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

## Rules:

FED. R. CIV. P. 5(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

FED. R. CIV. P. 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 19

FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

FED. R. CIV. P. 15(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FED. R. CIV. P. 15(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Alcohol Monitoring Systems, Inc. (AMS), Glenn Tubb, and The Riverside Company (Riverside) file this brief in support of AMS's Motion to Strike and a Joint Motion to Dismiss Plaintiff's Third Amended Complaint and respectfully show the Court as follows:

## I. SUMMARY OF MOTIONS

**A.    Motion to Strike**.

Plaintiff's Third Amended Complaint continues to assert civil rights violation claims pursuant to 42 U.S.C. § 1983 despite this Court's order dated March 22, 2021 dismissing such claims. Thus, AMS moves the Court to strike such pleadings from the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). AMS, Tubb, and Riverside further request the Court strike theories of recovery asserted against them for the first time in Plaintiff's Third Amended Complaint because Defendants did not agree to the amendments and Plaintiff did not seek leave to include such claims.

**B.    Motion to Dismiss**.

This Court dismissed Plaintiff's civil rights claims asserted in her Second Amended Complaint under *Heck v. Humphrey*, 512 U.S. 477 (1994). Because the relief sought by Plaintiff's remaining claims would call into question the modification of her probation to attend a 12-step recovery program, *Heck* should also apply to all remaining claims asserted by Plaintiff. Thus, Plaintiff's Racketeer Influenced and Corrupt Organizations Act (RICO) and state tort claims should be dismissed as unripe.

Alternatively, Plaintiff attempts to support her RICO claims by generally asserting predicate

acts of mail fraud and wire fraud.  Plaintiff lacks standing to bring these claims against Defendants because her complaint fails to plead facts establishing a direct causal connection between the alleged wrongdoing and the alleged harm.

In addition, Plaintiff fails to plead facts with the specificity required under Federal Rule of Civil Procedure 9(b) to support her assertions of fraud.  Thus, Plaintiff has not alleged adequate facts showing a pattern of racketeering activity required to establish a RICO claim.  Nor has she sufficiently plead the existence of an enterprise.  Plaintiff 's complaint further fails to plead sufficient facts to establish the particulars of any of the four types of prohibited activities enumerated in 18 U.S.C. § 1962.  Accordingly, Plaintiff's RICO claims asserted against AMS, Tubb, and Riverside should be dismissed in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendants move the Court to dismiss Plaintiff's DTPA and common law fraud claims under Rule 12(b)(6) because they do not comply with the heightened pleading requirements for claims of fraud required by Rule 9(b).  The state tort claims of negligence and gross negligence should be dismissed because, as alleged, they sound as a marketing defect products liability claim, and the complaint fails to set forth facts alleging the SCRAM device required a warning or the content of any such warning.  Nor does the complaint assert that a marketing defect was the producing cause of any harm.  Further, the complaint fails to allege AMS acted with the statutorily required awareness and disregard of risk in order to establish a gross negligence claim.  Plaintiff further fails to allege facts consistent with the essential elements of a claim for intentional infliction of emotion distress. In all instances, Plaintiff has failed to allege facts demonstrating any plausible causal link between conduct of the Defendants and her alleged harm.  Plaintiff's complaint can also be construed as a

shotgun pleading and dismissed on that basis pursuant to Rule 12(b)(6).

## II.  BACKGROUND

### A.    Procedural Background.

This case has a long procedural history.  Plaintiff filed her Original Complaint on December 26, 2019 alleging various civil rights violations under 42 U.S.C. § 1983 and state law tort claims. [Doc. 1].  On March 24, 2020, Defendant AMS responded to that complaint by filing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  [Doc. 10].

In response to Defendant's motion to dismiss, Plaintiff filed her First Amended Complaint on April 14, 2020, asserting essentially the same claims as those raised in her Original Complaint. [Doc. 15].  Defendant AMS responded to Plaintiff's First Amended Complaint by filing another motion to dismiss.  [Doc. 18].  Defendant Recovery Healthcare Corporation (Recovery) also filed a motion to dismiss.  [Doc. 20].  After the parties had fully briefed the Court on the issues raised by the motions, Plaintiff filed a document titled Notice of Supplemental Authority.  [Doc. 29].  By electronic order, the Court construed Plaintiff's Notice of Supplemental Authority as a motion for leave to file a second amended complaint and granted the motion.  [Doc. 30].  Shortly thereafter, Plaintiff requested and was granted a stay of the proceedings until October 19, 2020 and was ordered to file her Second Amended Complaint by October 30, 2020.  [Doc. 32].

Plaintiff timely filed her Second Amended Complaint, which for the first time added Tubb and Riverside as defendants and raised RICO claims against Recovery, Tubb, and Riverside, but not AMS.  [Doc. 35].  Recovery and AMS again filed motions to dismiss.  [Docs. 39, 41].  On March 16, 2021, Defendants Tubb and Riverside filed a joint motion to dismiss Plaintiff's RICO claims

against them. [Doc. 54]. Thereafter, on March 22, 2021, the Court issued a Memorandum Opinion and Order granting in part the motions to dismiss filed by Recovery and AMS. [Doc. 57]. In particular, the Court dismissed Plaintiff's claims brought under 42 U.S.C. § 1983. *Id.* The Court also dismissed Plaintiff's RICO claims asserted against Recovery but granted Plaintiff leave to amend her complaint "to bring it into compliance, if possible, with Rule 9(b)." In a footnote, the Court stated "the court's grant of leave to amend is limited to Ray's RICO and state law claims." *Id.* The Court's order did not address the motion filed by Defendants Tubb and Riverside to dismiss Plaintiff's RICO claims against them.

Plaintiff filed her Third Amended Complaint on April 5, 2021. [Doc. 60]. Despite the Court's order of dismissal, Plaintiff's new complaint still asserts claims against Recovery and AMS for alleged violations of 42 U.S.C. § 1983. *Id.* Plaintiff also asserts RICO claims against AMS, Recovery, Tubb, and Riverside. *Id.* Plaintiff further alleges various state tort claims against all Defendants. *Id.*

**B.    <u>Factual Background</u>.**

This case arises out of Plaintiff's required use of a transdermal alcohol ankle monitor known as a SCRAM device. *See* Third Amended Complaint [Doc. 60] (TAC), ¶¶ 8, 9, 15. AMS is the manufacturer of the device. TAC, ¶ 8. Plaintiff alleges AMS offers the SCRAM and services through a network of distributors. TAC, ¶ 14. Defendant Recovery is one of those distributors and contracts with Dallas County to monitor probationers who have been convicted of alcohol offenses. *Id.*

In 2016, Plaintiff was convicted of DWI. TAC, ¶ 15. The criminal court sentenced Plaintiff

to community supervision, prohibited her from consuming alcohol, and ordered her to wear a SCRAM monitor around her ankle. *Id.* Plaintiff contends that shortly after December 25, 2017, Defendant AMS sent a report via interstate wire to Dallas County probation officials indicating she had consumed alcohol on that date. TAC, ¶ 16. Based on the report, Dallas County prosecutors filed a motion to revoke Plaintiff's probation, and a revocation hearing was set for January 24, 2018. TAC, ¶ 17. At the hearing, Plaintiff claimed she did not consume alcohol on December 25, 2017. *Id.* An expert report attached to her complaint allegedly corroborates her position that Static Guard sprayed on the bed sheets by her husband was the source of the alcohol reading. TAC, ¶¶ 16-18. According to Plaintiff, AMS and Recovery insisted that Static Guard could not be the source of the elevated alcohol reading and failed to disclose to the court the monitoring system was flawed and unreliable. TAC, ¶ 17. At the end of the hearing, the court ordered Plaintiff to attend a 12-step recovery program every day for 90 days, *id.,* and efforts to revoke Plaintiff's probation were dropped. TAC, ¶ 18.

### III.  ARGUMENT AND AUTHORITIES

**A.  The Court Should Strike Plaintiff's Civil Rights Claims from Her Third Amended Complaint**.

Rule 12(f) provides that a court may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter. FED. R. CIV. P. 12(f). Because striking a pleading is a drastic remedy, motions to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962).

Here, the Court has already dismissed Plaintiff's civil rights claims against AMS after giving Plaintiff an adequate opportunity to amend her complaint. *See* Memorandum Opinion and Order

[Doc. 57].  Despite the Court's order, Plaintiff's Third Amended Complaint continues to assert such claims against AMS and Recovery.  *See* TAC, ¶¶ 30-34.  Based on the Court's prior ruling, such allegations are now immaterial and impertinent and should be stricken pursuant to Rule 12(f).

**B.      The Court Should Strike Plaintiff's RICO Claim against AMS and Common Law Fraud Claims against Tubb and Riverside**.

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings.  The rule provides that a party may amend its pleading once as a matter of course within twenty-one days of serving it or twenty-one days after a responsive pleading or motion are served.  *See* FED. R. CIV. P. 15(a)(1).  In all other instances, a party may amend its pleadings only with the opposing party's written consent or the court's leave.  *See*  FED. R. CIV. P. 15(a)(2).

By her Third Amended Complaint, Plaintiff brings for the first time RICO claims against AMS and common law fraud claims against Tubb and Riverside.  Defendants did not agree to such amendments and the Court has not been requested nor has it granted Plaintiff leave to make such amendments.   Accordingly, the Court should strike Plaintiff's RICO claim against AMS and common law fraud claims against Tubb and Riverside.

**C.      Plaintiff's RICO claims and State Tort Claims Are Not Cognizable**.

By its Memorandum Opinion and Order, the Court concluded that Plaintiff's civil rights claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Memorandum Opinion and Order, p. 41.  As indicated in the Court's order, the primary consideration a district court should make in performing a *Heck* analysis is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence: if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been

invalidated." *See* Memorandum Opinion and Order, p. 28 (citing *Heck v. Humphrey*, 512 U.S. at 487). Because the relief sought by Plaintiff's remaining claims would call into question the procedural process and modification of her probation to attend a 12-step recovery program, the Court's holding should equally apply to Plaintiff's RICO and tort claims. *See e.g.*, *Heck v. Humphrey*, 512 U.S. at 484 (identifying a section 1983 claim as a tort and comparing it to a tort claim of malicious prosecution); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (applying *Heck* to a case where federal prisoner alleged civil rights violations and RICO claims). Accordingly, Plaintiff's RICO and state tort claims asserted against AMS, Tubb, and Riverside should be dismissed as unripe.

**D.    <u>Plaintiff Lacks Standing to Recover Against Defendants under RICO</u>.**

A RICO plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by reason of the conduct constituting the alleged violation. *Allstate Ins. Co. v. Benhamou,* 190 F. Supp. 3d 631, 643-44 (S.D. Tex. 2016) (citing *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985). To establish that an injury came about by reason of a RICO violation, a plaintiff must show that a predicate offense not only was a but for cause of his injury, but a proximate cause as well. *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). Proximate causation under RICO is evaluated in light of its common-law foundations. *Hemi Group, LLC v. City of New York*, 559 U.S. 1 (2010). Thus, the central question a court must ask is whether the alleged violation led directly to the plaintiff's injuries. *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006). Links that are indirect, too remote, or purely contingent are insufficient. *Hemi Group, LLC v. City of New York*, 559 U.S. at 2.

In this instance, Plaintiff contends she was harmed because she was required to hire an attorney, appear before the state criminal court, and attend a 12-step recovery program due to an allegedly false SCRAM report. *See* TAC, ¶¶ 27, 36. By her RICO claim, Plaintiff seeks to allege a pattern of racketeering activity by asserting Defendants misrepresented the reliability of and fraudulently concealed defects in the SCRAM system. *See* TAC, ¶¶ 27, 37-39. In attempting to explain the causal link between the alleged harm and the alleged racketeering activity, Plaintiff states:

> Plaintiff alleges . . . that none of this information was disclosed to Dallas County probation officials when Recovery Healthcare was proposing its services and negotiating its contract with the county. Plaintiff further alleges . . . AMS assisted Recovery Healthcare in selling the SCRAM system to Dallas County, because the two work together closely (*e.g.*, developing a joint sales brochure). . . . Plaintiff notes that Dallas County likely would not have contracted with Recovery Healthcare if it had known that Recovery and AMS were knowingly deploying a defective product/service designed to produce false positives. Alternatively, if the county had contracted with Recovery Healthcare despite knowing of such defects, it almost certainly would have disclosed the information to the Plaintiff and other probationers. Likewise, the state court and state prosecutors almost certainly would not have accepted the 2017 SCRAM report about the Plaintiff so readily if Recovery had disclosed the known defects in the SCRAM system.

TAC, p. 13 n. 4. This explanation demonstrates the indirectness and remoteness of Plaintiff's causation theory. According to the theory, if the alleged undisclosed information had been provided to Dallas County, an inference must be drawn that the county would not have contracted with Recovery. Assuming that to be true, requires an additional inference that Plaintiff would not have been required to wear a SCRAM monitor. That in turn requires yet another inference that any other device Plaintiff was ordered to wear would not have resulted in the same outcome. Plaintiff further contends that if the county knew about the undisclosed information and entered into a contract with

Recovery anyway, the county would have disclosed such information to Plaintiff, the state court, and the prosecutors. Upon this inference, Plaintiff would have us infer that, knowing the undisclosed information, the court and prosecutors would have been less willing to accept the results of the SCRAM report. That would then require yet a separate inference that the prosecutors and court would have acted differently to the point that Plaintiff would not have been required to hire an attorney, appear before the state court, or attend the 12-step recovery program. This stacking of inferences upon inferences defeats any direct nexus between the alleged racketeering activity and the alleged harm. Thus, Plaintiff's RICO claims should be dismissed as to all Defendants on the grounds that she lacks standing to bring such claims.

**E.**     **Plaintiff's RICO Claims against AMS, Tubb, and Recovery Should be Dismissed for Failure to State a Claim**.

    1.     Applicable Standard for 12(b)(6) Motions to Dismiss.

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain enough facts to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim for relief is implausible on its face when the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *See Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir.2011). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. at 678–79. In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to

sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

Further, when a complaint alleges fraud as part of its action, the plaintiff, "must state with particularity the circumstances constituting fraud or mistake. FED. R. CIV. P. 9(b); *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 784 (5th Cir. 2020). Pleading fraud with particularity in the Fifth Circuit requires the plaintiff to "state with particularity the circumstances" of the allegedly fraudulent conduct. *See  Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d at 784 (citing *Williams v. WMX Techs., Inc.* 112 F.3d 175, 177 (5th Cir. 1997). In that regard, a plaintiff that pleads fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Zucker v. Farish*, No. 3:18-CV-01790-K, 2018 WL 6570867, at *1, *3 (N.D. Tex. Dec. 12, 2018) (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008)). In essence, Rule 9(b) requires the complaint to set forth "the who, what, when, where, and how" of the events at issue. *Id.*; *see also ABC Arbitrage Plaintiffs Grp. v. Tchurak*, 291 F.3d 336, 350 (5th Cir. 2002). These particularity requirements of Rule 9(b) apply when a plaintiff asserts a RICO claim predicated on mail fraud or wire fraud. *See  Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d at 784; *Zucker v. Farish*, 2018 WL 6570867 at *3. Further, even a long-winded or prolix complaint can lack particularity. *Williams v. WMX Techs., Inc.* 112 F.3d at 178. "[S]uch a garrulous style is not an uncommon mask for an absence of detail." *Id.*

2.    <u>Threshold Elements of Civil RICO Actions</u>.

Plaintiff does not identify in her Third Amended Complaint which provision or provisions under 18 U.S.C. § 1962 she relies upon for her RICO claims.  Nevertheless, the Fifth Circuit has stated that all four subsections of 18 U.S.C. § 1962 share common threshold elements.  Those elements are "1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise."  *Crowe v. Henry*, 43 F.3d 198, 203-04 (5th Cir. 1995) (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.,* 855 F.2d 241, 242 (5th Cir. 1988), *cert denied,* 489 U.S. 1079 (1989)).  A "person" is the defendant in a RICO action and must be alleged to have committed racketeering acts.  *See Crowe v. Henry*, 43 F.3d at 204.  Here, Plaintiff contends AMS, Tubb, and Riverside are liable under RICO.  Thus, the sufficiency of Plaintiff's RICO claim, must be measured by the allegations made against each separate defendant.

3.    <u>Plaintiff's RICO Claims Fail to Adequately Allege a Pattern of Racketeering Activity</u>.

"Racketeering activity" includes any of the several acts or offenses enumerated in 18 U.S.C. § 1961(1).  18 U.S.C. § 1961(1); *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1002 (S.D. Tex. 1995).  Such acts or offenses are often referred to as "predicate acts."  *See e.g., In re Burzynski*, 989 F.2d 733, 742 (5th Cir. 1993).  In order to succeed on a RICO claim, a plaintiff must plead and prove facts in support of predicate acts which meet the definition of a racketeering activity.  *See* 18 U.S.C. § 1962(a)-(d).  A "pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity."  *Brown v. Protective Life Ins. Co.*, 353 F.3d 405, 407 (5th Cir. 2003) (citing *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 441 (5th Cir. 2000)).

a.    *Plaintiff's allegations are inadequate as to AMS.*

Plaintiff generally asserts against AMS the predicate acts of mail and wire fraud.  *See* TAC, ¶ 37.  In that regard, Plaintiff alleges AMS (1) misrepresents the reliability of the SCRAM system to government entities and probationers and (2) fraudulently conceals defects in the SCRAM system.  *Id*.  These conclusory statements fail to satisfy the particularity requirements of Rule 9(b) requiring identification of the who, what, when, where, and how of the alleged fraudulent activity.

For instance, Plaintiff is not specific about who at AMS transmitted fraudulent information or to whom such information was transmitted.  In fact, Plaintiff admits in the complaint that she does not know who at AMS made the alleged misrepresentations.  *See* TAC, p. 15 n. 5.  To the extent Plaintiff contends the report of a positive alcohol reading by her SCRAM device was a fraudulent communication, she does not attach a copy of that report or otherwise identify what specific information in the report is fraudulent.  In addition, there are no allegations identifying the specific number of fraudulent communications made by AMS or the specific content of such communications.  Nor does Plaintiff explain how or why any specific information in the report was fraudulent.  Other than by simply stating the alleged fraudulent communications were sent via mail or wire, there are no allegations identifying how the alleged misrepresentations and marketing materials or information were made.  The complaint does not identify with any specificity the troubling information contained in any particular communication or attempt to explain how such information is fraudulent.  In an apparent attempt to be specific, Plaintiff refers to a meeting between her and a representative from Recovery.  *See* TAC, ¶ 29.  She claims Recovery, as the agent of AMS, had a duty to make certain disclosures at that time.  She also claims AMS and Recovery made

misrepresentations at her probation revocation hearing.  *See* TAC, ¶ 17.  Both of these instances

involved in-person meetings which do not support a claim of racketeering for mail or wire fraud.

*See Tel-Phonic Services, Inc. v. TBS Intern., Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992).

Furthermore, despite Plaintiff's assertion to the contrary, the lawsuits referenced in her

complaint and the lengthy pleadings from those actions attached to the complaint do not supply the

necessary factual allegations to establish a pattern of racketeering activity by AMS.  That is because

all of the cases referred to by Plaintiff were either dismissed or settled without a determination on

the merits.  The *Hansen* case for instance was voluntarily dismissed, *see* App. 1, and the *Lange* case

was dismissed for want of prosecution.  *See* App. 2.  The other two lawsuits mentioned in the

complaint were settled.  *See* TAC, ¶ 24.  Thus, the Plaintiff should not be permitted to utilize and

rely on such unsubstantiated material as support in this case which alleges fraudulent conduct.  *Cf.*

*Cypress/Spanish Fort I, L.P. v. Professional Service Industries, Inc.*, 814 F. Supp. 2d 698, 712 (N.D.

Tex. 2011) (stating that two purposes of the particularity requirements of Rule 9(b) are to protect

defendants' reputations from unfounded allegations of improper conduct and help prevent "strike

suits" which are aimed at damaging a defendant's reputation and good will).  Further, with regard

to the alleged media reports and blogs noted in Plaintiff's complaint, there are no explanations of

how such reports demonstrate a pattern of racketeering activity.  They amount simply to alleged

isolated instances that have no relation to this case.  Under such circumstances, Plaintiff has failed

to plead sufficiently particular facts to support the predicate acts of mail and wire fraud, and because

these are the only predicate acts upon which she seeks to hold AMS responsible under 18 U.S.C. §

1962, it is implausible that Plaintiff will prevail in her civil RICO claims.  In addition, Plaintiff has

failed to plead facts showing two or more related predicate acts.  Accordingly, Plaintiff's RICO

claims asserted against AMS should be dismissed.  *See e.g., Zucker v. Farish*,  2018 WL 6570867 at *4.

    b. *Plaintiff's allegations are inadequate as to Tubb and Riverside.*

   The complaint makes no attempt to allege that Tubb or Riverside committed predicate acts of any type.  As to Defendant Tubb, Plaintiff alleges he is the CEO of AMS  and knowingly derives income from the enterprise.  *See* TAC, ¶ 38.  Plaintiff contends that prior to becoming CEO, Tubb managed all aspects of product development for SCRAM and that he oversaw the development and deployment of the SCRAM system.  *Id.*  Plaintiff claims Tubb directed the development of the SCRAM system so that it would produce false positives in order to produce additional revenue, and that he worked with AMS affiliates to provide services to government entities and probationers.  *Id.*  Nothing in these allegations supports a claim of mail or wire fraud.  Even if these allegations were sufficient to support such claims, they are completely lacking in any specificity to satisfy Rule 9(b).

   Similarly, Plaintiff has failed to state a RICO claim against Riverside.  The only specific allegations made against Riverside are that it acquired AMS in 2014 and, upon information and belief, was aware of the racketeering scheme at that time.  *See* TAC, ¶ 39.  Plaintiff further contends Riverside conspired with AMS to continue the alleged fraudulent scheme described in the complaint.  *Id.*  Nothing by these allegations identifies how Riverside committed mail or wire fraud that would allow the Court to infer that Riverside participated in any predicate acts or that it even participated in or conducted any affairs of AMS or the alleged racketeering enterprise.  Consequently, Plaintiff has failed to state a claim for relief under RICO against Defendants Tubb and Riverside because it has failed to allege that either of them committed any predicate acts, let alone a pattern of racketeering activity.  Thus, Plaintiffs RICO claims against Tubb and Riverside should be dismissed.

4.      *Plaintiff's Complaint Fails to Adequately Allege a RICO Enterprise.*

An enterprise is "any individual, partnership, corporation, associate, or other legal entity, and any union or group of individuals associated in fact although not a legal entity."  18 U.S.C. § 1961(4).  A RICO enterprise can be either a legal entity or an association-in-fact.  *Crowe v. Henry*, 43 F.3d at 204.  One defining aspect of an association-in-fact enterprise is that it "must have an existence separate and apart from the pattern of racketeering."  *Id.* at 205.  That is because the "enterprise is not the pattern of racketeering activity; it is an entity separate and apart from the pattern of activity in which it engages." (internal quotations omitted).  *U.S. v. Turkette*, 452 U.S. 576, 583 (1981). In that regard, the plaintiff must plead specific facts which establish the association exists for purposes other than simply to commit the alleged predicate acts.  *In re MasterCard Int'l Inc.,* 132 F. Supp. 2d 468, 484 (E.D. La. 2001).  If the association has as its main purpose a single, discrete goal toward which all its energies are directed, the association is not a RICO enterprise.  *Id.*

Here, Plaintiff alleges the racketeering enterprise is an association-in-fact comprised of AMS and various affiliated local companies (like Recovery) that contract to provide alcohol-monitoring services to government entities throughout the United States.  *See* TAC, ¶ 37.  This allegation is purely conclusory and insufficient to plead a RICO enterprise.  In addition, the complaint is devoid of any factual allegations describing how the alleged enterprise is separate and apart from the alleged pattern of racketeering activity.  Instead, the allegations in Plaintiff's complaint actually defeat the separate and apart requirement by alleging facts consistent with the notion that the main purpose and goal of the enterprise is to engage in the alleged racketeering activity.  In that regard, Plaintiff contends the racketeering activity involves (1) misrepresentations about the reliability of the SCRAM system to government entities and probationers and (2) fraudulent concealment of defects

in the SCRAM system from these same entities. *Id.* Plaintiff maintains these activities occur through the normal course of business between AMS and its local distributors (such as Recovery) by the way the SCRAM is marketed and the manner in which positive alcohol findings detected by the SCRAM are analyzed and reported. Indeed, Plaintiff contends the business model for AMS and its local distributors is to engage in the alleged racketeering activity so as to keep probationers on the SCRAM device for longer periods of time to generate more revenue. *See* TAC, ¶ 25. Plaintiff further contends Recovery (and presumably the other local distributors) are agents of AMS. *See* TAC, ¶ 37. Under these circumstances, Plaintiff has failed to alleged facts describing the existence of an enterprise separate and apart from the alleged pattern of racketeering activity, and there is no purpose for which the alleged association-in-fact enterprise exists except to engage in the above-described business model, which Plaintiff claims constitutes racketeering activity. Thus, Plaintiff's complaint fails to properly allege the existence of an enterprise, and the Court should dismiss Plaintiff's RICO claims against AMS, Tubb, and Riverside pursuant to Rule 12(b)(6).

   5.   Assuming Plaintiff Has Adequately Plead a Pattern of Racketeering Activity and an Enterprise, Her Allegations Still Fail to State a RICO Claim under Any of the Four Subsections of 18 U.S.C. § 1962.

   Even if a Plaintiff can clear the threshold elements of a RICO claim, she must still plead sufficient facts to demonstrate a violation of at least one of the four subsections of 18 U.S.C. § 1962. *See Crowe v. Henry*, 43 F.3d at 205-06. The four subsections, in their simplest terms, provide that:

   (a)   a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise;

   (b)   a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity;

   (c)   a person who is employed by or associated with an enterprise cannot conduct

the affairs of the enterprise through a pattern of racketeering activity; and

(d)     a person cannot conspire to violate subsections (a), (b), or (c).

*Crowe v. Henry*, 43 F.3d at 203.  Plaintiff's Third Amended Complaint fails to state a claim against AMS, Tubb, and/or Riverside under any of these subsections.

        a.     *Plaintiff fails to state a RICO claim under 18 U.S.C. § 1962(a).*

To prove a violation of 18 U.S.C. § 1962(a), the plaintiff must establish (1) the existence of an enterprise, (2) the defendant's derivation of income from a pattern of racketeering activity, and (3) the use of any part of that income in operating the enterprise.  18 U.S.C. § 1962(a); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d at 441.  Additionally, a nexus must exist between the claimed violation and the plaintiff's alleged injury.  *Id.*  Stated another way, the injury "must flow from the use or investment of racketeering income."  *Id.*  An injury cannot flow simply from the predicate acts themselves.  *Id.* at 443.  Here, in addition to not alleging facts demonstrating a pattern of racketeering activity or an enterprise, there simply are no allegations that Plaintiff was injured by any use or investment of racketeering income.  Under such circumstances, Plaintiff has failed to state a claim under 18 U.S.C. § 1962(a) as to AMS, Tubb, or Riverside.

        b.     *Plaintiff fails to state a RICO claim under 18 U.S.C. § 1962(b).*

Section 1962(b) prohibits a person from acquiring or maintaining an interest in an enterprise through a pattern of racketeering.  18 U.S.C. § 1962(b).  Thus, to state a claim under this section, a plaintiff must show that his injuries were proximately caused by a RICO person gaining an interest in, or control of, the enterprise through a pattern of racketeering activity.  *Abraham v. Singh*, 480 F.3d 351, 357 (5th Cir. 2007).  The acquisition requirement of this subsection requires that the plaintiff's injury be caused by the defendant acquiring or maintaining an interest or control in the

Brief in Support of Joint Motion to Strike and Dismiss
746297
    Page 17

alleged enterprise. *Vanderbilt Mortg. and Finance, Inc. v. Flores*, 735 F. Supp. 2d 679, 701 (S.D. Tex. 2010). The purpose of § 1962(b) is "to prohibit the takeover of a legitimate business through racketeering, typically extortion or loansharking." *Id.* (citing *Wood v. Incorporated Village of Patchogue of New York*, 311 F. Supp. 2d 344, 356 (E.D.N.Y. 2004)). In this instance, Plaintiff's complaint is deficient in allegations of predicate acts and the existence of a RICO enterprise. Further, Plaintiff does not make any assertions that she was injured as a result of any person gaining an interest in or gaining control over the enterprise. Thus, her Third Amended Complaint fails to allege a civil RICO claim under 18 U.S.C. § 1962(b) against AMS, Tubb, or Riverside.

      c.     *Plaintiff fails to state a RICO claim under 18 U.S.C. § 1962(c).*

Section 1962(c) prohibits any person employed by or associated with any enterprise from participating in or conducting the affairs of the enterprise through a pattern of racketeering activity. 18 U.S.C. § 1962©; *Abraham v. Singh*, 480 F.3d at 357. A "plaintiff must demonstrate not only that the enterprise is distinct from the series of predicate acts constituting racketeering activity, but also that the RICO 'person' who commits the predicate acts is distinct from the enterprise." *Whelan v. Winchester Production Co.*, 319 F.3d 225, 229 (5th Cir. 2003). "It is not enough to establish that a defendant corporation through its employees or agents committed the predicate acts in the conduct of its own business." *Id.*

As demonstrated above, Plaintiff's complaint is deficient in allegations regarding a pattern of racketeering activity and the existence of a RICO enterprise. Furthermore, Plaintiff has failed to show that any of the defendants are distinct from the enterprise. Even if she had alleged sufficient facts, all of the asserted predicate acts were allegedly implemented in the conduct of the business of marketing and servicing the SCRAM device. *See* TAC, ¶ 37. Consequently, Plaintiff has failed to

state a RICO claim against AMS, Tubb, or Riverside under 18 U.S.C. § 1962©.

           d.      *Plaintiff fails to state a RICO claim under 18 U.S.C. § 1962(d).*

In order to state a claim under 18 U.S.C. § 1962(d), a plaintiff must establish that the defendants conspired to violate subsections (a), (b), or (c).  18 U.S.C. § 1962(d).  This requires the plaintiff to show (1) that two or more people agreed to commit a substantive RICO offense and (2) that the conspirator knew of and agreed to the overall objective of the RICO offense.  *Chaney v. Dreyfus Serv. Corp.*, 595 F.3d 219, 239 (5th Cir. 2010).  Plaintiff fails to state a claim upon which relief can be granted under this provision because the Third Amended Complaint fails to state a claim under subsections (a), (b), or (c).  Other than saying in a few instances that the Defendants conspired, Plaintiff does not allege any facts demonstrating that Defendants agreed to commit a substantive RICO offense or that any of the Defendants knew about and agreed to the alleged overall objective of the RICO offense.  Accordingly, Plaintiff has failed to state a claim under 18 U.S.C. § 1962(d).  Because Plaintiff has failed to state a claim under any subsection of 18 U.S.C. 1962, the Court should dismiss her RICO claims asserted against AMS, Tubb, and Riverside pursuant to Rule 12(b)(6).

**F.**      **<u>Plaintiff Has Failed to State DTPA and Common Law Fraud Claims</u>**.

Plaintiff's Third Amended Complaint carries forward her claims brought under the DTPA and for common law fraud which were raised in her Second Amended Complaint against AMS.  *See* TAC, ¶¶ 41, 44.  Plaintiff also asserts for the first time that Tubb and Riverside are liable for common law fraud.  *See* TAC, ¶ 44.  Just as with her RICO claims, Plaintiff's DTPA and common law fraud theories of recovery are governed by the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).  Fed. R. Civ. P. 9(b).  Plaintiff fails to plead her DTPA and common law

fraud claims with adequate specificity to meet the requirements of Rule 9(b).

With regard to Plaintiff's DTPA claim, she asserts that AMS knowingly misrepresented the reliability of the SCRAM system and fraudulently concealed its known defects. TAC, ¶ 41. She also claims AMS engage in unconscionable business practices like designing the SCRAM system to report false positives. Neither of these allegations set forth "the who, what, when, where, and how" of the events at issue. Thus, Plaintiff fails to state a claim upon which relief can be granted under the DTPA, and such claim should be dismissed.

In relation to her claims of common law fraud, Plaintiff's Third Amended Complaint states "[t]he Plaintiff brings common-law fraud claims against Defendants AMS and Recovery Healthcare insofar as they conspired to deceive her and did deceive her into subscribing to and relying on their services, primarily by failing to disclose information that they had a duty to disclose." *See* TAC*, ¶* 44. With respect to Tubb, Plaintiff states he "directs the fraudulent scheme and knowingly derives income from it." *Id.* Riverside is sued for common law fraud "because it conspires with Defendant AMS to keep the fraudulent scheme going, and it knowingly derives income from the fraudulent scheme." Similar to her RICO claims and her DTPA claims, none of these allegations are supported by the particularity requirements required under Rule 9(b). They do not identify the specific misrepresentations made, who made the misrepresentations, to whom the representations were made, when they were made, or how they were made. Nor do they tie any allegations into the essential elements for common law fraud. *See Stone v. Lawyers Title Ins. Corp.*, 554 S.W.2d 183, 185 (Tex. 1977). Accordingly, Plaintiff has failed to state a claim for common law fraud, and such claim should be dismissed.

**G.    Plaintiff Has Failed to State Claims for Common Law Negligence and Gross Negligence**.

Plaintiff's also asserts claims against AMS stemming from state law tort theories of negligence and gross negligence.  *See* TAC, ¶ 43.  As alleged, however, the claims actually sound as a marketing defect products liability claim.  In a marketing defect case, the plaintiff must establish that (1) the defendant knew or should have known of a risk to the product's user, (2) the defendant breached its duty to warn the plaintiff of the risk, (3) the lack of an adequate warning rendered the product unreasonably dangerous or defective, and (4) the defect was a producing cause of the plaintiff's injuries.  *See Magro v. Ragsdale Bros., Inc.*, 721 S.W.2d 832, 834 (Tex. 1986).  The types of risks or dangers which require a warning are: (1) a risk or danger inherent in the design of the product, (2) foreseeable dangers or risks of harm from unintended uses of a product, (3) risks or dangers that affect only a limited number of users susceptible to a danger in the product, and (4) unavoidably unsafe products.  *USX Corp. v. Salinas*, 818 S.W.2d 473, 483 (Tex. App.–San Antonio 1991, writ denied).

Here, Plaintiff does not set forth facts alleging that the SCRAM device required a warning for (1) being inherently dangerous, (2) unintended foreseeable uses, (3) risks or dangers that affect only a limited number of users, or (4) being unavoidably unsafe.  Plaintiff also does not allege that any marketing defect was the producing cause of any harm.  A review of the complaint shows no allegations whatsoever attempting to link the elements of a products liability claim to any facts in the case, and the phrase "producing cause" does not appear anywhere in the complaint.  Thus, Plaintiff's First Amended Complaint fails to plead facts sufficient to state a claim for strict products liability against AMS and such claim should be dismissed pursuant to Rule 12(b)(6).  Furthermore,

with regard to gross negligence, Plaintiff does not allege that AMS acted with the statutorily required awareness and disregard of risk. *See* Tex. Civ. Prac. & Rem. Code § 41.001(11). Thus, Plaintiff has failed to allege sufficient facts to plead a plausible claim for gross negligence, and the Court should also dismiss that claim.

**H.**     **Plaintiff Has Failed to State a Claim for Intentional Infliction of Emotional Distress.**

The final theory of liability asserted against AMS in Plaintiff's Third Amended Complaint is for intentional infliction of emotional distress. *See* TAC, ¶ 45. Just as with the other theories asserted by Plaintiff, she has failed to state a claim on this theory.

The essential elements for a claim of intentional infliction of emotion distress are (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions caused emotional distress, and (4) the emotional distress was severe. *Kroger Texas Ltd. Partnership v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). A defendant's conduct satisfies the second element only if it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. *Id.* Further, this theory of recovery is considered a "gap-filler tort, judicially created for the limited purpose of allowing recovery in those rare instances where a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Shemwell v. Cannon*, 352 F. Supp. 3d 690, 702 (N.D. Tex. 2019).

In support of her claim for intentional infliction of emotional distress, Plaintiff alleges she is a committed Christian and had made enormous strides at overcoming her alcohol problem. *See* TAC, ¶ 45. She then alleges in conclusory fashion that the report indicating she consumed alcohol

was false, humiliating to her, and generated great fear that her probation would be revoked, and she would be sent to prison for seven years. *Id.* None of these statements assert that AMS acted intentionally or recklessly. Nor do they identify how any intentional or reckless conduct was extreme and outrageous. There is certainly no allegation in the complaint which places this case in the category of cases where conduct is so outrageous and extreme to go beyond all bounds of decency. Accordingly, because Plaintiff has failed to allege facts sufficient to state a claim for intentional infliction of emotional distress, such claim should also be dismissed.

I.    **Plaintiff's Complaint Can Also Be Dismissed under Rule 12(b)(6) as an Improper Shotgun Pleading.**

Shotgun pleadings are subject to dismissal under Rule 12(b)(6). *See Roe v. Johnson County Texas*, No. 3:18-cv-2497-B-BN, 2019 WL 5031357, at *1, *5 (N.D. Tex. July 29, 2019); *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-27 (11th Cir. 2014). This is especially true where a plaintiff asserts claims by merely attaching a label or legal conclusion to no facts unique to the claim or, at best, threadbare unique facts. *See Roe v. Johnson County Texas*, 2019 WL 5031357, at *5. Such an attempt to assert claims is insufficient to state a claim that is plausible on its face. *Id.* Similarly, it is not appropriate to use blanket terms to address all defendants collectively or assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts. *See Hinojosa v. Livingston*, 807 F.3d 657, 684 (5th Cir. 2015); *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Shotgun pleadings will also typically contain several counts within a complaint with each count incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts contain irrelevant factual allegations and legal conclusions. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp.*, 305 F.3d 1293,

1295 (11th Cir. 2002).

In this instance, Plaintiff's lengthy complaint attaches labels and legal conclusions to no unique facts or only threadbare unique facts. In particular, Plaintiff attempts to treat as fact unproven allegations from other cases that have no bearing on the particular facts of this case. *See* TAC, ¶¶ 19-27. Further, each separate count or theory of recovery asserted incorporates all previous paragraphs of the complaint which is typical of shotgun pleadings. *Id.* Consequently, Plaintiff's Third Amended Complaint amounts to a shotgun pleading that is insufficient on its face to state a plausible claim against Defendants AMS, Tubb, or Riverside, and the Court should dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.

## IV.  PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Defendants AMS, Glenn Tubb and The Riverside Company respectfully request that the Court grant their Joint Motion to Strike and Motion to Dismiss Plaintiff's Third Amended Complaint. Defendants further pray for any and all other relief, legal or equitable, to which Defendants are justly entitled.

Respectfully submitted,

Dated: May 25, 2021

*/s/ Michael K. Dean*
Michael K. Dean
**RAY | PEÑA | MCCHRISTIAN, P.C.**
101 Summit Avenue, Suite 705
Fort Worth, TX 76102
(817) 335-7201
(817) 335-7335 - facsimile
E-mail: mdean@raylaw.com

*Attorney for Defendants AMS, Glenn Tubb, and The Riverside Company*

## <u>CERTIFICATE OF SERVICE</u>

On May 25, 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Michael K. Dean*

Michael K. Dean
