UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHELLANY RAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:19-CV-3055-G |
| RECOVERY HEALTHCARE, | ) | |
| CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motions of the defendants Alcohol Monitoring

Systems, Inc. ("AMS"), Glenn Tubb ("Tubb"), and The Riverside Company

("Riverside") (docket entry 63) and Recovery Healthcare Corporation ("Recovery")

(docket entry 66) to dismiss the third amended complaint of the plaintiff Shellany

Ray ("Ray") against them and to strike portions of the complaint.  For the reasons set

forth below, the motions to dismiss are granted, and the motions to strike are denied

as moot.

I. <u>BACKGROUND</u>[1]

This suit arises out of Ray's required use of a transdermal ankle monitor (known as a "SCRAM device") designed to determine whether Ray consumed alcohol in violation of the conditions of her probation imposed as a result of a 2016 conviction for driving while intoxicated in Dallas County, Texas. Third Amended Complaint ("Complaint") (docket entry 60) ¶¶ 8, 15.

AMS produced a SCRAM device worn by Ray. *Id*. Riverside, a private equity firm, owns AMS, and Tubb serves as AMS's chief executive officer. *Id*. ¶¶ 4, 5. Ray avers that AMS "offers its devices and services through an integrated network of distributors," including Recovery. *Id*. ¶ 14. Recovery allegedly "contracts with Dallas County to monitor probationers who have been convicted of alcohol offenses" and "provides those services to Dallas County in conjunction with AMS." *Id*. In short, Ray contends that her SCRAM device was faulty and that, due to such faults, she was wrongfully accused of alcohol consumption in violation of preexisting probation terms. See generally *id*.

---

[1]     A full exposition of the factual and procedural history of this case can be found in the court's memorandum opinion and order of March 22, 2021, granting in part and denying in part motions to dismiss filed by Recovery and AMS. *See* Memorandum Opinion and Order ("Memorandum Order of March 22, 2021") (docket entry 57); *see also* Memorandum Opinion and Order ("Memorandum Order of August 13, 2021") (docket entry 80).

After receiving an allegedly false alcohol report, state prosecutors moved to revoke Ray's probation and issued a warrant for Ray's arrest. *Id*. ¶ 17.  Ray retained a criminal defense attorney and turned herself in at a January 24, 2018 hearing. *Id*. As a result of this hearing, the state court "modified" the terms of Ray's probation to include mandatory attendance at a 12-step recovery program. *Id*.  However, before Ray's probation would be revoked, state prosecutors withdrew their motion. *Id*. ¶ 18.

On December 26, 2019, Ray filed this suit against Recovery and AMS, alleging various civil rights violations under 42 U.S.C. § 1983 ("§ 1983") and state law tort claims, and on April 14, 2020, Ray amended her complaint. *See* Original Complaint (docket entry 1); First Amended Complaint (docket entry 15).  On October 30, 2020, Ray filed a second amended complaint and added Tubb and Riverside as defendants. *See generally* Second Amended Complaint (docket entry 35).  Ray brought claims against the defendants collectively and individually.  Specifically, Ray claimed that (1) AMS and Recovery violated her civil rights under § 1983; (2) Recovery, Tubb, and Riverside violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964;[2] and (3) AMS and Recovery engaged in deceptive trade practices prohibited by the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COMMERCE CODE § 17.42, *et seq*. *Id*.  Ray also brought state

---

[2]     Although the court granted Ray two opportunities to replead, Ray did not assert a RICO claim until her second amended complaint.

law claims against AMS and Recovery, including negligence, gross negligence, strict products liability, fraud, and intentional infliction of emotional distress.  See *id*.

On November 20, 2020, AMS and Recovery filed separate and independent motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* docket entries 39, 41.  On March 22, 2021, the court granted the motions to dismiss Ray's civil rights claims brought under § 1983, holding those claims were barred under *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See* Memorandum Order of March 22, 2021. The court also granted Recovery's motion to dismiss Ray's RICO claims without prejudice[3] and granted Ray leave to amend her complaint "to bring it into compliance, if possible, with [Federal Rule of Civil Procedure] 9(b)."  *Id.* at 45; *id*. at n.24 ("As the court has already afforded Ray several opportunities to replead, the court's grant of leave to amend is limited to Ray's RICO and state law claims.").  The court warned that "[i]f no amended complaint is [timely] filed . . . , the RICO claim against Recovery will be dismissed with prejudice."  *Id*. at 45.  Lastly, the court withheld judgment on Ray's state law claims.  *Id*.

On April 5, 2021, Ray timely filed her third amended complaint against Recovery, AMS, Tubb, and Riverside.  *See generally* Complaint.  Ray reasserted that

---

[3]       The court noted that "[a]t the time of writing . . . Ray has not served [Tubb or Riverside].  Accordingly, the court will not consider [RICO] arguments or claims against them at this juncture."  Memorandum Order of March 22, 2021, at 10 n.2.

(1) AMS and Recovery violated § 1983[4] and the DTPA, *id*. ¶¶ 31-34, 41, and

committed Texas common law torts of negligence, gross negligence, strict products

---

[4]      AMS and Recovery move to strike Ray's § 1983 claims.  *See* Defendants
Alcohol Monitoring Systems, Inc.; Glenn Tubb; and The Riverside Company's Joint
Motion to Strike and Dismiss Plaintiff's Third Amended Complaint
("AMS/Tubb/Riverside Motion") (docket entry 63) at 2 ("Plaintiff's Third Amended
Complaint continues to assert civil rights claims pursuant to 42 U.S.C. § 1983
despite this Court's order dated March 22, 2021 dismissing such claims.");
Defendant Recovery Healthcare Corporation's Motion to Dismiss Plaintiff's Third
Amended Complaint Under Federal Rule of Civil Procedure 12(b)(6) ("Recovery
Motion") (docket entry 66) at 2 ("Because [Ray's § 1983] claims have been
dismissed, Ray's reassertions of these claims in her Amended Complaint should be
dismissed . . . .").

          Ray does not dispute that the court previously dismissed with prejudice her
§ 1983 claims against AMS and Recovery.  *See* Plaintiff's Response in Opposition to
Defendants Alcohol Monitoring Systems, Inc.; Glenn Tubb; and The Riverside
Company's Joint Motion to Strike and Motion to Dismiss Plaintiff's Third Amended
Complaint ("Response to AMS/Tubb/Riverside Motion") (docket entry 70) at 2
("Nobody is disputing the fact that the Court dismissed the civil rights claims, and
the presence of those claims in an amended complaint does not alter the fact that
they have been dismissed with prejudice."); *see also* Plaintiff's Response in Opposition
to Defendant Recovery Healthcare Corporation's Motion to Dismiss Plaintiff's Third
Amended Complaint and Brief in Support (docket entry 71) at 4; Memorandum
Order of March 22, 2021.  However, although Ray contends that she "left the civil
rights claims in the amended complaint purely for purposes of appeal[,]" Response to
AMS/Tubb/Riverside Motion at 2, she was not required to do so.  See *Clapper v.
American Realty Investors, Inc.*, No. 3:14-CV-2970-D, 2017 WL 978098, at *3 (N.D.
Tex. Mar. 14, 2017) (Fitzwater, J.) ("[P]laintiffs' proposed third amended complaint
repleads verbatim some claims that the court has previously dismissed under Rule
12(b)(6).  Plaintiffs acknowledge that no good cause exists to revive these claims, but
they contend that they must replead them to preserve the right to appeal the
dismissal. . . . Plaintiffs are mistaken in their belief that they must continue to
replead, in identical form, claims that the court has dismissed in order to preserve
error.") (citation omitted).  The motions to strike Ray's § 1983 claims against AMS
and Recovery are denied as moot.

liability, fraud, and intentional infliction of emotional distress, *id*. ¶¶ 43-45; and (2) Recovery, Tubb, and Riverside violated RICO, *id*. ¶ 36.  Additionally, in her third amended complaint, Ray added common law fraud claims against Riverside and Tubb, *id*. ¶ 44, and a RICO claim against AMS, *id*. ¶¶ 36-37.[5]

On August 13, 2021, the court denied Ray's motion for reconsideration of the court's decision to dismiss her civil rights claims.  *See* Memorandum Order of August 13, 2021.

## II. <u>ANALYSIS</u>

### A. <u>Legal Standard</u>

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[5]      AMS, Tubb, and Riverside move to strike these new claims against them.  *See* AMS/Tubb/Riverside Motion at 2.  However, Ray maintains that the "Court granted the Plaintiff broad permission to amend her RICO and state-law claims . . . therefore, she did nothing more than what she was expressly authorized to do by the Court."  Response to AMS/Tubb/Riverside Motion at 3.  The motion to strike Ray's common law fraud claims against Riverside and Tubb and RICO claim against AMS is denied as moot.

recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement of relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded

- 7 -

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)).  The court, drawing on its judicial experience and common sense, must undertake the "context-specific task," of determining whether the plaintiff's allegations "nudge" her claims against a defendant "across the line from conceivable to plausible."  See *id.* at 679, 683.

### B.  Application

Ray brings racketeering claims against AMS, Recovery, Tubb, and Riverside under 18 U.S.C. § 1964 "for damage to her property, including lost income, attorney fees expended, and damage to her professional reputation."  Complaint ¶ 36.  Title 18 U.S.C. § 1964(c) provides a cause of action to "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter . . . ."  *Id.* Section 1962, in turn, outlaws certain types of conduct enumerated and described under four subsections.  See *id.* § 1962(a)-(d).

In response, AMS, Tubb, Riverside, and Recovery argue that (1) Ray's RICO claims against them must be dismissed because her RICO claims are barred under *Heck* for the same reasons that this court has already held that her civil rights claims were; (2) Ray failed to establish a causal connection between the alleged wrongdoing and the alleged harm; and (3) Ray has not pleaded facts with particularity as required

by Federal Rule of Civil Procedure 9(b). *See generally* Brief in Support of Defendants Alcohol Monitoring Systems, Inc.; Glenn Tubb; and The Riverside Company's Joint Motion to Strike and Motion to Dismiss Plaintiff's Third Amended Complaint ("AMS/Tubb/Riverside Brief in Support of Motion") (docket entry 64); Defendant Recovery Healthcare Corporation's Brief in Support of Motion to Dismiss Plaintiff's Third Amended Complaint ("Recovery Brief in Support of Motion") (docket entry 67).

The defendants also argue that the court should dismiss Ray's state law claims against them as unripe under *Heck*. *See* Recovery Motion at 2 ("The Court should apply the *Heck* bar to Ray's civil racketeering (RICO) claims and state-law claims as they are based on the same factual allegations. Ray should not be allowed to couch her allegations under RICO or otherwise to avoid *Heck* bar."); AMS/Tubb/Riverside Brief in Support of Motion at 6-7.

As the court stated in its memorandum opinion and order,

> In *Heck*, the Supreme Court established that, before ruling on a § 1983 claim, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[n.12] 512 U.S. at 487. If such a judgment in favor of the plaintiff violates *Heck*, the action should be dismissed without prejudice as unripe. *Jackson v. Vannoy*, 49 F. 3d 175, 177 (5th Cir.), *cert denied*, 516 U.S. 851 (1995).

Memorandum Order of March 22, 2021, at 28.[6]

Applying this standard, the court held:

> As a judgment in favor of Ray would necessarily imply the invalidity of the 12-step program, *Heck* bars Ray's § 1983 claims unless she demonstrates "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . ., or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. Ray has made no such showing. Accordingly, Ray's civil rights claims are barred as unripe under *Heck*.

*Id*. at 40-41.

The defendants assert that Ray's RICO claims and state law claims are similarly barred under *Heck* because a judgment in favor of Ray would necessarily invalidate the 12-step recovery program. *See* AMS/Tubb/Riverside Motion at 2-3; Recovery Brief in Support of Motion at 4-5. Specifically, AMS, Tubb, and Riverside contend as follows.

> Here, the relief sought by Plaintiff in her Second Amended Complaint (SAC) and her Third Amended Complaint

---

[6] Footnote 12 reads as follows:

> A conviction or sentence is "invalidated" when it "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487.

Memorandum Order of March 22, 2021, at 28.

> (TAC) is essentially identical.  The relief is based on the
> premise the SCRAM device incorrectly reported Plaintiff
> consumed alcohol.  This premise is the very issue that
> would have been considered by the state criminal court in
> determining the nature and extent of Plaintiff's probation.
> As the Court noted in its Dismissal Order, "the sole piece
> of evidence before the state court during the revocation
> hearing was the positive alcohol report."  *See* Dismissal
> Order, p. 40.  Thus, a judgment by the Court in favor of
> Plaintiff under any of her theories of recovery would imply
> the state court improperly or incorrectly relied on the
> SCRAM report in ordering Plaintiff to attend the 12-step
> recovery program and necessarily invalidate such
> conviction or sentence.  Accordingly, the Court should
> dismiss all claims in this cause on the grounds they are
> unripe and barred under *Heck*.

Defendants Alcohol Monitoring Systems, Inc.; Glenn Tubb; and the Riverside
Company's Reply in Support of Joint Motion to Strike and Motion to Dismiss
Plaintiff's Third Amended Complaint (docket entry 74) at 2 (quoting Memorandum
Order of March 22, 2021, at 40).

Recovery concurs, averring that "a judgment in favor of Ray would necessarily

undermine the validity of the twelve-step program because 'the sole piece of evidence

before the state court during the revocation hearing was the positive alcohol report'

and any such 'defect inherent in the production or consideration of the report would

render invalid any decision made on its basis.'"  Defendant Recovery Healthcare

Corporation's Reply in Support of its Motion to Dismiss Plaintiff's Third Amended

Complaint (docket entry 77) at 2-3 (quoting Memorandum Order of March 22,

2021, at 40).

- 11 -

The *Heck* bar extends to RICO claims, as well as to other claims beyond the context of § 1983.  See *Rouser v. Johnson*, 36 F.3d 90, 1994 WL 523784, at *4 (5th Cir. 1994) (per curiam) ("Even though *Heck* did not directly involve a civil RICO claim and the opinion in *Stephenson* [*v. Reno*, 28 F.3d 26 (5th Cir. 1994) (per curiam)] is unclear as to whether the plaintiff there brought a separate RICO action, the reasoning of both cases supports the conclusion that [the plaintiff's] RICO action should be dismissed.  Otherwise, henceforth plaintiffs . . . would simply couch their allegations under RICO in order to avoid the bar of *Heck* and *Stephenson*."); see also *Burgess v. Rivera Worley*, No. 4:17-CV-0782-ALM-CAN, 2018 WL 7137970, at *3 (E.D. Tex. Dec. 18, 2018) ("If the Court were to find in Plaintiff's favor on any of these allegations [that he had been has been wrongly accused, falsely arrested, maliciously prosecuted, and defamed as a result of the criminal proceedings], it would necessarily imply any conviction in his state criminal case was invalid.  *See e.g.*, . . . *Green v. Vu*, A-09-CA-913-LY, 2010 WL 56066, at *2 (W.D. Tex. Jan. 5, 2010), *appeal dismissed*, 393 F. App'x 225 (5th Cir. 2010) (noting RICO claims may be dismissed by Heck) (citing *Stephenson v. Reno*, 28 F.3d 26, 26-28 (5th Cir. 1994) (per curiam) (affirming dismissal of conspiracy claims under 42 U.S.C. § 1985 and RICO as barred by *Heck*); *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (claims of malicious prosecution, false imprisonment, and false arrest barred by Heck) . . . ."), *report and recommendation adopted*, 2019 WL 342152 (E.D. Tex. Jan. 28,

- 12 -

2019); *McQuillon v. Schwarzenegger*, 369 F.3d 1091, 1098 n.4 (9th Cir. 2004) ("We agree with our sister circuits that *Heck* applies equally to claims brought under §§ 1983, 1985, and 1986.").  In addition, *Heck* bars "any state-law claims that are based on the same factual allegations."  *Moreno v. Curry*, No. 4:06-CV-0238-Y, 2006 WL 3207984, at *4 (N.D. Tex. Nov. 7, 2006) (Means, J.), *aff'd*, 2007 WL 4467580 (5th Cir. Dec. 20, 2007); see also *Hainze v. Richards*, 207 F.3d 795, 798-99 (5th Cir.), *cert. denied*, 531 U.S. 959 (2000).

Ray has not shown that the 12-step recovery program has been invalidated, and the relief sought by Ray's RICO claims and state law claims would call into question the modification of her probation requiring her to attend a 12-step recovery program.  Accordingly, for the reasons discussed in this court's prior memorandum opinions, *see* Memorandum Order of March 22, 2021 and Memorandum Order of August 13, 2021, Ray's RICO claims and state law claims are barred as unripe under *Heck*.

## III.  CONCLUSION

For the reasons stated above, the motion to dismiss Ray's claims filed by Recovery is **GRANTED**, and its motion to strike is **DENIED** as moot.  The motion to dismiss Ray's claims filed by AMS, Tubb, and Riverside is **GRANTED**, and their motions to strike are **DENIED** as moot.

**SO ORDERED**.

February 18, 2022.

_A. Joe Fish_
A. JOE FISH
**Senior United States District Judge**